UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JASON MILLS, | : | Case No. 3:19-cv-00090 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

This matter comes before the Court upon Plaintiff's Motion for Allowance of Attorney Fees (Doc. No. 19), which seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $17,604.00. The Commissioner neither supports nor opposes the Motion. (Doc. No. 21, PageID# 786.) For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

Previously in this Social Security appeal, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. (Doc. No. 15, PageID# 712.) Upon the parties' joint stipulation (Doc. No. 17), the Court also awarded attorneys' fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), in the amount of $3,750.00. (Doc. No. 18.)

On remand, the Commissioner awarded benefits to Plaintiff and his dependents. (Doc. No. 19, PageID# 727.) The Commissioner withheld 25 percent of the amount of Plaintiff's past due benefits, or $36,211.75, to be applied toward an award of attorney's fees under Section 406(b)(1). (*Id*. at PageID# 730.) The Commissioner similarly withheld 25 percent of the amount of past due benefits awarded to Plaintiff's dependents, or $14,984.25, for application toward an attorney's fee award. (*Id*. at PageID# 733-34, 737, 739 & 742.) The total amount withheld by the Commissioner is $51,196.00. Plaintiff's counsel now requests an attorney's fee award in the amount of $17,604.00.

## II. APPLICABLE LAW

If a Social Security claimant obtains benefits after filing an appeal in this Court, then his counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id*., and it must only compensate counsel for work performed in the federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay his counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807

2

(2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements" but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se* reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

> It is not at all unusual for contingent fees to translate into large hourly rates …. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc.*

3

*Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to "consider[ing] the effective hourly rate in weighing reasonableness," *id.*, the Court will consider whether the requested fee should be reduced for other reasons. For example, there may be evidence that counsel acted improperly or would receive a windfall due to the discrepancy between relatively few hours worked and a sizeable award of past-due benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider the complexity and difficulty of the case, the results achieved, and whether any remand to the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Because the basis for this requirement is not apparent from the text of 28 U.S.C. § 2412, it is necessary to provide a brief explanation.

4

If certain conditions are met, Social Security attorneys can request fees for the same work performed in the federal court proceeding under **both** the EAJA, 28 U.S.C. § 2412, **and** the Social Security Act, 42 U.S.C. § 406(b)(1). The "common practice" is for courts to award EAJA fees shortly after remanding a case to the Commissioner, and to wait to award Section 406(b)(1) fees (if any) until after the remand is concluded and the claimant has been awarded benefits. *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010).[1]

However, it is a misdemeanor for Social Security attorneys to request the payment of fees that are not authorized by 42 U.S.C. § 406(b)(1). *See* 42 U.S.C. § 406(b)(2). And because Section 406(b)(1) does not authorize the payment of fees under the EAJA, the resulting risk of criminal liability deterred some Social Security attorneys from requesting EAJA fees. In 1985, Congress addressed this issue by amending the EAJA to add the so-called Savings Provision. Unfortunately, this amendment is not codified in 28 U.S.C. § 2412 but instead appears only as a note to that statute. It provides, in full:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code [EAJA]. ***Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees <u>for the same work</u> under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney <u>refunds to the claimant the amount of the smaller fee</u>***.

Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985) (emphasis added). In other words, Social Security attorneys can be awarded fees under the EAJA and Section 406(b) "for

---

[1] This staggered timing occurs because although the Court can order the Social Security Administration to pay EAJA fees out of its own funds shortly after ordering a remand, it cannot award attorneys' fees under Section 406(b) until after the Commissioner has awarded benefits, as Section 406(b) fees are paid out of the claimant's past-due benefits. *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020).

5

the same work," but must "refund[] to the claimant the amount of the smaller fee" to avoid criminal liability. *Id*. This procedure is necessary "to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys." *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012); *see* H.R. Rept. 99-120, p.8 & 20 (May 15, 1985) ("The bill … prohibits attorneys from collecting both EAJA fees and Section 406(b) fees in the same case…. Such double payments are inappropriate and deprive[] the plaintiff of the benefits intended by EAJA.").[2]

### III. ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

> Legal services rendered by Horenstein, Nicholson & Blumenthal, Attorneys at Law, shall be on a contingent fee basis….
>
> If the first ALJ decision is a denial and the case is subsequently won following an appeal to the Appeals Council or Federal Court, the fee will be 25% of the back-benefits awarded or a minimum $3,000.00, whichever is greater and will be sought be Fee Petition and will require approval by the Social Security Administration….

(Doc. No. 19, PageID# 726.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

---

[2] Although the EAJA Savings Provision literally requires attorneys to refund the smaller fee to the claimant, some courts permit attorneys to "set off" the amount of the EAJA fee from their requested Section 406(b)(1) fee and then award the amount equal to the difference between the fees. *E.g.*, *Parrish*, 698 F.3d at 1221 (9th Circuit); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1269 (11th Cir. 2010).

Plaintiff's counsel submitted documentation of the hours worked by his firm. (Doc. No. 19, PageID# 745-47.) Attorney Michael Rake worked 16.25 hours, and his paralegal Marci Stark worked 9.45 hours, for a total of 25.70 hours. (*Id*. at PageID# 745.) Combining these hours, Plaintiff's counsel asserts that if "$17,604.00 is awarded for Plaintiff's attorney's and [p]aralegal's 25.70 hours of time … the hourly rate would be $684.98." (*Id*. at PageID# 721.) However, Plaintiff's counsel argues that the Court should subtract the $3,750.00 EAJA award (which must be refunded to Plaintiff) before calculating the hypothetical hourly rate. (*Id*. at PageID# 722.) Under this approach, "Plaintiff's out-of-pocket attorney fee [would be] $13,854.00 and the hourly rate would be $539.07." (*Id*.) Finally, Plaintiff's counsel argues that regardless of which approach is used, the resulting hypothetical hourly rate is reasonable and will not provide a windfall. (*Id*. at PageID# 721-24.) The Court will address each argument in turn.

### A.     The Court Will Separately Assess the Reasonableness of The Hypothetical Attorney and Paralegal Hourly Rates

As this Court has noted, federal courts that calculate hypothetical attorney hourly rates use different approaches when a Section 406(b)(1) fee application includes work performed by paralegals. *See Amanda G. v. Comm'r of Soc. Sec.*, No. 1:20-cv-987, 2024 U.S. Dist. LEXIS 141479, at *6 (S.D. Ohio Aug. 8, 2024) (Litkovitz, MJ) (citing cases). At one end of the spectrum, some courts omit all paralegal hours from the hypothetical attorney hourly rate calculation, which assigns no value to paralegal work. *Id*. at *7. At the other end of the spectrum, some courts combine the attorney and paralegal hours

7

when calculating the hypothetical attorney hourly rate, which gives equal value to the work performed by attorneys and paralegals. *Id*. at *6.

This Court declines to follow either approach. Instead, because the substantive legal work performed by paralegals is both valuable and compensable—but is routinely charged at lower rates than rates charged by attorneys—the Court will separately assess the reasonableness of the hypothetical attorney hourly rate and the (lower) hypothetical paralegal hourly rate. Although the Court could utilize an arbitrary hourly paralegal rate (e.g., $100) for this calculation, such an approach would ignore the fact that hypothetical rates in contingency fee cases are typically higher than standard hourly billing rates because fees are not awarded in every contingency case. *See Royzer*, 900 F.2d at 981-82.

Accordingly, the Court will adopt Magistrate Judge Litkovitz's approach in *Amanda G.* and "include appropriate paralegal hours at half the attorney hourly rate in calculating the effective hourly rate" when analyzing a Section 406(b)(1) fee request. 2024 U.S. Dist. LEXIS 141479, at *8. Thus, the applicable calculation is [(attorney hours * 2x) + (paralegal hours * x) = $ requested fee], with x being the hypothetical paralegal hourly rate and 2x the hypothetical attorney hourly rate. *Id*. at *8 n.3. Applying this calculation here, the hypothetical attorney hourly rate is $839.28, and the hypothetical paralegal hourly rate is $419.64.[3]

---

[3] Specifically, after solving the equation [(16.25 attorney hours * 2x) + (9.45 paralegal hours * x) = $ 17,604.00], the hypothetical paralegal hourly rate (x) is $419.64, and the hypothetical attorney hourly rate (2x) is $839.28.

### B. The Court Will Not Offset the EAJA Fee Award from the Requested Contingency Fee When Calculating the Hypothetical Hourly Rates

Plaintiff's counsel argues that this Court should subtract the EAJA fee award of $3,750.00 from the contingency fee award sought (i.e., $17,604.00) before assessing its reasonableness. This argument is not well-taken. As discussed above, to avoid double compensation for the same work, the EAJA Savings Provision allows attorneys to request fee awards under both the EAJA and the Social Security Act but requires them to refund the smaller award to the claimant. Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985). The statute does not allow this Court to offset an EAJA award against a Social Security Act fee request for purposes of assessing the latter's reasonableness. *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 840 (S.D. Ohio 2018) (Bowman, MJ) ("[T]he return of an EAJA fee … does not reduce the effective hourly [rate] sought but only prevents double recovery for the same work"), *report and recommendation adopted* 295 F. Supp. 3d 816, 819 (S.D. Ohio 2018) (Barrett, DJ). Accordingly, the Court will assess the reasonableness of the $17,604.00 fee request without offsetting the EAJA fee award.

### C. The Requested Contingency Fee Is Reasonable

For the reasons discussed below, the Court finds that a hypothetical attorney hourly rate of $839.28 and a hypothetical paralegal hourly rate of $419.64 are both reasonable for the work that was performed in this case.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. Significantly, although the contingency fee agreement in this case would permit Plaintiff's counsel to seek an award of 25% of Plaintiff's past-due

9

benefits—or $51,196.00—counsel is not seeking such a high amount. Instead, Plaintiff's counsel requests an award of only $17,604.00, which is approximately 8.6% of the past-due benefits. Counsel's voluntary reduction of the percentage of past-due benefits sought substantially reduces the possibility of an unjustified windfall and weighs heavily in favor of finding that the requested amount is reasonable.

Second, because Plaintiff's counsel (who works on a contingency fee basis) did not provide evidence of a standard hourly rate, the Court has instead reviewed fee awards in other cases and finds that the hypothetical attorney hourly rate is reasonable. *See Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *3-4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) ("In the absence of counsel's standard hourly rate, judges within this district have assessed whether the hypothetical hourly rate falls within a range of rates previously found reasonable.") (citing cases). Counsel's hypothetical hourly rate of $839.28 fits comfortably within the range of fees that judges in this district have found reasonable. *See, e.g., id.* at *4 (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake, Plaintiff's counsel in this case); *Amanda G.*, 2024 U.S. Dist. LEXIS 141479, at *8 (awarding hypothetical attorney hourly rate of $878.81 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney

10

Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Third, although few courts have addressed the reasonableness of a hypothetical paralegal hourly rate, Magistrate Judge Litkovitz approved a paralegal hourly rate of $439.40 in *Amanda G.*, 2024 U.S. Dist. LEXIS 141479, at *8. The hypothetical paralegal hourly rate in this case—$419.64—is slightly less than the rate approved in *Amanda G.* Moreover, as noted, hypothetical hourly rates in contingency fee cases are routinely higher (sometimes much higher) than the standard hourly rates billed by attorneys and paralegals who are paid regardless of the outcome. Therefore, although $419.64 is substantially higher than standard paralegal hourly rates, the Court finds it reasonable.

Fourth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel and his paralegal (25.7 hours) was excessive or improperly charged. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, MJ), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, DJ) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours.")

Fifth, the Sixth Circuit has recognized that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. In such circumstances, the Court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id.* However, the Commissioner has not

11

offered any such arguments or objected to the requested fee award. In the absence of any rebuttal, the Court may presume that Plaintiff's hypothetical hourly rate is reasonable. *Id.*

Sixth, the Court concludes that the hypothetical hourly rates are reasonable in light of the skill and experience of Plaintiff's counsel, who has represented successful claimants many times in this Court. *See, e.g., Samantha K. v. Comm'r of Soc. Sec.*, No. 3:23-cv-268, 2025 U.S. Dist. LEXIS 194333 (S.D. Ohio Sept. 25, 2025); *Twyla D.*, 2025 U.S. Dist. LEXIS 40825; *Nicola C.B. v. Comm'r of Soc. Sec.*, No. 3:21-cv-55 (S.D. Ohio Feb. 4, 2025); *Amanda G.*, 2024 U.S. Dist. LEXIS 141479; *Andrea B.T. v. Comm'r of Soc. Sec.*, No. 3:21-cv-307, 2024 U.S. Dist. LEXIS 98033 (S.D. Ohio June 3, 2024).

Seventh, the Court has reviewed the proceedings in this case to assess their complexity and difficulty, the results achieved, and whether the case was remanded to the Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. The docket shows that the merits of Plaintiff's assignments of error were fully briefed, and that the Court remanded this matter to the Commissioner in a sixteen-page decision (Doc. No. 15) that addressed just one assignment of error. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the attorney's fees requested in this case.

Eighth, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $17,604.00 in this case is reasonable.

IV.     CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested attorney's fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Allowance of Attorney Fees (Doc. No. 19) is **GRANTED**.

2. Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $17,604.00, which sum the Commissioner shall **REMIT** to Plaintiff's counsel from the withheld past-due benefits.

3. Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of his receipt of this attorney's fee award, the prior EAJA award of $3,750.00.

4. The Commissioner shall **RELEASE** to Plaintiff and his dependents the remaining funds withheld from the past-due benefits awarded to them in anticipation of a fee award under 42 U.S.C. § 406(b)(1).

5. This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:   November 25, 2025          */s/ Caroline H. Gentry*
                                   Caroline H. Gentry
                                   UNITED STATES MAGISTRATE JUDGE